D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**------------------------------------------------------x**
**LINDA TAYLOR,**

       **Plaintiff,**

          **v.**

**JP MORGAN CHASE & CO.,**

       **Defendant.**
**------------------------------------------------------x**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff LINDA TAYLOR allege as follows:

**JURISDICTION AND VENUE**

1.     Plaintiff Linda Taylor brings this action against Defendant alleging discrimination claims brought under the Equal Pay Act, 29 U.S.C. 206(d) ("EPA"), the New York Equal Pay Act, N.Y. Lab. Law § 194 ("NY EPA"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107(1), et al ("NYCHRL").

2.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the EPA. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.      Defendant J.P. Morgan Chase & Co. ("JPM") is a Delaware Corporation with its principal place of business in New York.  J.P. Morgan Chase & Co. is a financial services company that operates thousands of bank branches in the United States.

5.      Plaintiff Linda Taylor is a New York resident and a woman.  Plaintiff has worked for JPM since 2014 in varying positions.  Plaintiff started for JPM as an Analyst in its London, UK Office.  Since 2017, Plaintiff has worked out of JPM's New York Office.  She is currently Vice President in the Data Products department.

## FACTS

6.      Throughout Plaintiff's employment in New York, she was paid significantly less than her male counterparts.

7.      For example, in 2019, Plaintiff was a Senior Associate in the Data Products division.  She remained in that position until 2021, when she was promoted to Vice President.

8.      During that period, Plaintiff was paid significantly less than what a male coworker was paid in 2019, even though the coworker was only a Junior Associate in the Data Products division at that time.

9.      Upon information and belief, several (about 5) other male Junior and Senior Associates in the Data Products division earned far more than what Plaintiff earned during her time as a Senior Associate.

10.     The individuals on the Data Products team typically worked together to create end-to-end developments of managerial software for engineers with internal and external JPM clients. The higher titled employees on the team, including Plaintiff, had more responsibility than their junior counterparts, such as Junior Associates like the male coworker referenced above.

11.     For example, Plaintiff ran an entire transformation program for the team, whereas the male coworker worked on projects as a contributor, not a manager.  Plaintiff also supervised the work of an outside contracting vendor, something that was clearly higher level work than the work of a Junior Associate.

12.     In addition, Plaintiff had more experience and more resulting skill than her junior male counterparts, including the male coworker.

13.     Specifically, one male associate began with JP Morgan two years later than Plaintiff, after having interned at JPM during university years.  The individual was responsible for product creation, and after he left JPM in early 2020, Plaintiff assumed his product creation duties. That individual was paid significantly more than Plaintiff during the time that he held exactly the same title as Plaintiff.

14.     Plaintiff is also aware that JPM currently pays several male Junior Associates roughly the same salary she now receives in the Vice President position, which is significantly more than what Plaintiff earned as a *Senior* Associate.   In addition, that male Junior Associates are earning the same pay as Plaintiff is earning in a more senior Vice President position indicates the high likelihood that the other male Vice Presidents in Data Products (about 5) are earning more than her despite their similar roles.

15.     Plaintiff has at all times received consistently positive performance reviews, and her good performance is also indicated by her steady promotion track over the years.  She is paid less than her counterparts simply because of her gender.

16.     As a result of Plaintiff's underpayment, she has suffered, in addition to lost income, substantial emotional distress.

**FIRST CLAIM FOR RELIEF**
**Federal Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d), 216(b)**

17.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

18.     Defendants have discriminated against Plaintiff within the meaning of the Equal Pay Act of 1963, 26 U.S.C. §§ 206 *et seq.*, by paying her less than similarly situated male colleagues even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterpart.

19.     The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex.

20.     The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

21.     Plaintiff seeks all legal and equitable remedies available for violations of the EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York State Equal Pay Act ("NY EPA"),**
**N.Y. Lab. Law §§ 194, 198**

22.     Plaintiffs realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

4

23.     Defendants have discriminated against Plaintiff within the meaning of the New York Equal Pay Act, N.Y. Lab. Law § 194, by paying her less than similarly situated male colleague even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterpart.

24.     The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a bona fide factor other than sex.

25.     The foregoing conduct constitutes a willful violation of the New York EPA within the meaning of N.Y. Lab. Law 198(1-a).

26.     Plaintiff seeks all legal and equitable remedies available for violations of the NY EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York City Human Rights Law ("NYCHRL") Discrimination,
### N.Y.C. Admin. Code §§ 8-101 *et seq.*

27.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

28.     Defendants have discriminated against Plaintiff on the basis of her gender by paying her less than similarly situated male employees.

29.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

30.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including damages for economic loss and emotional distress; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

31.    The New York City Commission on Human Rights will be notified and sent a copy of this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A.    An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendant;

B.    Penalties available under applicable laws;

C.    Costs of action incurred herein, including expert fees;

D.    Attorneys' fees;

E.    Pre-judgment and post-judgment interest, as provided by law; and

F.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        December 9, 2021

                                    JOSEPH & KIRSCHENBAUM LLP


                                    By: _____/s/ D. Maimon Kirschenbaum____
                                         D. Maimon Kirschenbaum
                                         32 Broadway, 5th Floor
                                         New York, NY 10279
                                         Tel: (212) 688-5640
                                         Fax: (212) 688-2548

                                    *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.